By the Court.—Speir, J.
The defense is that Youmans never having paid any consideration for the stock, had no legal title to it; that there was no gift, for the reason that there was no delivery.
The transaction, as stated by Mr. Sharp, who was then and had been since the organization of the road, its president, is very plain and simple. He swears that he knew Mr. Youmans, who had married his niece, and Youmans and his wife had adopted a child, in the care of whom t.he witness had a special interest. The niece died and Youmans married again, and his second wife did not continue the care of that child.
With this explanation it is easy to understand what was intended by Sharp and Youmans in this transaction and how far they succeeded in carrying out their intention. -We think the twenty-seven shares of this stock were an executed gift by Mr. Sharp, the president of the company, to Mr. Youmans, for the benefit of his, Sharp’s, niece. The title to the stock was by him voluntarily transferred after he had bought and paid for it, and possession was given to Youmans, who accepted it without any consideration—Youmans paid *88 nothing for the stock. A gift, as implied by its definition, must be without consideration. The delivery need not be to the donee; a delivery to a third party to hold for the donee is sufficient. Mr. Sharp paid the defendant the price of the thirty shares of stock, and directed that the stock be set aside in the name of Sidney A. Youmans; and in pursuance of this direction delivered to Youmans its receipt for the sum in full payment of the thirty shares. Sharp applied to Youmans for a written order on the company to transfer three of said shares. The defendant had refused to transfer these three shares unless Sharp procured Youmans’ order permitting the company to transfer them. Thereafter the defendant issued to Youmans a certificate for the twenty-seven shares of the thirty mentioned in the receipt, and he continued to collect the dividends on it during his life. The stock was in the hands of the defendant, but the evidence of title was placed in the hands of Youmans, and there is no evidence that it was to be returned to Sharp.
Youmans undoubtedly held the title to the twenty-seven shares; and the collecting the dividends during his life, with the knowledge of both Sharp and the defendant, is, in addition to the receipt given for the money and the transfer of the certificate, evidence that an executed gift was made to Youmans in trust for the benefit of his first wife, but the character of the trust is not disclosed. The plaintiff, as executor of You-mans, finding this stock among the testator’s assets, brought his action after demand, and we think he is entitled to recover. 1
We think the judgment should be affirmed, with costs.
Freedman, J., concurred.